David R. Ehrlich (de-9786)
Stagg, Terenzi, Confusione & Wabnik, LLP
401 Franklin Avenue, Suite 300
Garden City, New York 11530
(516) 812-4500
dehrlich@stcwlaw.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
LIANYUAN FENG, GONG XIAN HUANG, JUNRAN       Docket No.: 14-cv-7102 (SHS)
JIANG, ZHONG LI, JIAN WU, JIE XU and TIAN YU XU   (JLC)
on behalf of themselves and others similarly situated,

               Plaintiffs,

                                                          **Stein, J.**
      -against-                                              **Cott, J.**

HAMPSHIRE TIMES d/b/a SAIGON 48 and d/b/a AOKI
JAPANESE RESTAURANT; DWC INC. d/b/a SAIGON
48 and d/b/a AOKI JAPANESE RESTAURANT; ZXY 48
CORP. d/b/a SAIGON 48 and d/b/a AOKI JAPANESE
RESTAURANT; XYZ 48 CORP. d/b/a SAIGON 48 and
d/b/a AOKI JAPANESE RESTAURANT; JOHN DOE 01,
MICHAEL ZHAO, JOHN DOE 02, PETER DOE, HO
CHEUNG KING, JEI LOIA and JAIMMIE NG,

               Defendants.
-------------------------------------------------------------------------X

## MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFFS'
## MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION

Stagg, Terenzi, Confusione & Wabnik, LLP
*Attorneys for Defendants*
*Hampshire Times d/b/a Saigon 48*
*and d/b/a Aoki Japanese Restaurant,*
*John Doe 01, Michael Zhao, John Doe*
*02, Peter Doe, and Ho Cheung King*
401 Franklin Avenue, Suite 300
Garden City, New York 11530
(516) 812-4500

Submitted By:
Ronald M. Terenzi
David R. Ehrlich

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND................................................................... 2

    A. Defendants Employed the Named Plaintiffs As Delivery Persons ................................. 2

    B. Plaintiffs' Claims Are Limited To Themselves .............................................................. 3

ARGUMENT .................................................................................................................................. 3

    POINT I ..................................................................................................................................... 3

        PLAINTIFFS FAIL TO SATISFY THEIR BURDEN FOR A
        COLLECTIVE ACTION.................................................................................... 3

    POINT II .................................................................................................................................. 12

        NO OTHER RELIEF SHOULD BE GRANTED TO PLAINTIFFS ............................ 12

CONCLUSION............................................................................................................................. 15

# TABLE OF AUTHORITIES

## Federal Cases

Armstrong v. Weicheert Realtors, 2006 U.S. Dist. Lexis 31351 (Dist. N.J. May 19, 2006) .......................4

Barbara v. Chianese, 2013 U.S. Dist. Lexis 67018 (E.D.N.Y. May 10, 2013) ..............................13

Barfield v. New York City Health and Hospitals Corp., 2005 U.S. Dist. Lexis 28884
(S.D.N.Y. Nov. 18, 2005) ...................................................................................................5

Cruz v. Aramark Services, Inc. 213 Fed. Appx. 329 (5th Cir 2007) ..................................................7

Guo v. Tommy's Sushi Inc., 2014 U.S. Dist. Lexis 147981
(S.D.N.Y. Oct. 16, 2014) .................................................................................4, 8, 12, 13

Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 110 S. Ct. 482 (1989) ......................................4

Holbrook v. Smith & Hawken, Ltd, 246 F.R.D. 103 (D. Conn. 2007) ..........................................10, 11

Huang v. J&A Entertainment Inc. 2010 U.S. Dist. LEXIS 64654 (E.D.N.Y. June 29, 2010) ........7

Ikikhueme v. Culinart, Inc., 2013 U.S. Dist. Lexis 77720 (S.D.N.Y. June 3, 2013) ....................13

Lin v. Benihana Nat'l Corp., 755 F. Supp. 2d 504 (S.D.N.Y. 2010) .............................................11

Levinson v. Primedia, Inc., 2003 U.S. Dist. Lexis 20010 (S.D.N.Y. Nov. 6, 2003) ....................10

Mendoza v. Casa De Cambio Delgado, Inc., 2008 U.S. Dist. Lexis 27519
(S.D.N.Y. April 7, 2008) ..................................................................................................5

Miranda v. Sweet Dixie Melon Company, 2009 U.S. Dist. LEXIS 40343
(M.D. Ga. May 13, 2009) .................................................................................................7

Phillips v. Generations Family Health Ctr., 723 F.2d 144 (2d Cir. 2013) ....................................15

Romero v. H.B. Automotive Group, Inc., 2012 U.S. Dist. Lexis 61151
(S.D.N.Y. May 1, 2012) ..............................................................................3, 4, 10, 13

Sanchez v. JMP Ventures, L.L.C., 2014 U.S. Dist. Lexis 14980
(S.D.N.Y. Jan. 27, 2014) ............................................................................3, 4, 8, 9, 12

Summa v. Hofstra University, 715 F. Supp. 2d 378 (E.D.N.Y. 2010) ..........................................14

United States v. Berrios, 501 F.2d 1207 (2d Cir. 1974) ................................................................13

Zaniewski v. PRRC Inc., 848 F. Supp. 2d 213 (D. Conn. 2012) ...................................................14

# MEMORANDUM OF LAW
# IN OPPOSITION TO PLAINTIFFS'
# MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION

Defendants Hampshire Times, d/b/a Saigon 48 and d/b/a Aoki Japanese Restaurant ("Hampshire"), John Doe 01, Michael Zhao, John Doe 02, Peter Doe and Ho Cheung King (collectively the "Defendants"), by their attorneys, Stagg, Terenzi, Confusione & Wabnik, LLP, respectfully submit this Memorandum of Law in opposition to Plaintiffs' motion for (1) collective action status under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 216(b), (2) the production of contact information of all non-managerial employees, (3) authorization to send a notice to all members of the alleged class, (4) authorization to toll the statute of limitations during the opt-in period, and (5) an order compelling Defendants to post an approved Notice at Defendants' restaurant locations (hereinafter referred to as the "Motion").[1]

## PRELIMINARY STATEMENT

The named Plaintiffs Lianyuan Feng, Gong Xian Huang, Junran Jiang, Zhong Li, Jian Wu, Jie Xu and Tian Yu Xu (collectively referred to as "Plaintiffs"), who are all delivery persons for Defendant restaurants, commenced an action against Defendants for wage and hour violations. Although Plaintiffs are all delivery persons, they are attempting to certify a collective action, pursuant to the Fair Labor Standard Act Section 216(b), with a class comprising of all non-managerial employees in the restaurant, such as waiters, cooks, kitchen staff and administrative employees. This application should be denied because Plaintiffs utterly fail to allege any facts or put forth any information to demonstrate a nexus between the proposed opt-in class and themselves.

---

[1] As per the Court's instructions, Plaintiffs were supposed to file and serve their motion by January 28, 2015. Plaintiffs' attorney called Defendants on January 30, 2015, explaining that the Court agreed to allow Plaintiffs to file the motion on January 30, 2015. Plaintiffs, however, did not file and serve the motion until February 2, 2015, demonstrating what appears to be a lack of seriousness with which they are taking the motion.

The Complaint does not contain any allegations that link any other employees to the Plaintiffs. Indeed, they do not even allege that a common policy or practice was imposed on all delivery personnel, no less the entire non-managerial staff. The affidavits submitted in support of their Motion (the "Affidavits") are equally vacuous, failing in both form and substance to offer any basis upon which this Court could make a finding to grant Plaintiffs' motion to certify the expanded class. Plaintiffs are simply trying to exploit and abuse the collective action law in a transparent attempt to conduct a fishing expedition for more plaintiffs. Accordingly, this frivolous attempt to obtain more plaintiffs should be rejected.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

### A. Defendants Employed the Named Plaintiffs As Delivery Persons

Hampshire operates Saigon 48 and Aoki Restaurant, Vietnamese and Japanese restaurants, respectively, both located on West 48th Street in New York City. (Complaint attached as Ex. 1 to Affirmation of John Troy in Support of Motion (hereinafter "Compl."), ¶¶ 22, 26, 27). At various points from September 3, 2011 to the present, Hampshire hired and/or employed Plaintiffs as delivery personnel. (Compl., ¶¶ 71, 86, 100, 112, 124, 139, 150). Plaintiffs were paid bi-weekly, and as part of their compensation, received tips. (Compl., ¶¶ 80, 81, 94, 95, 106, 107, 118, 119, 132, 133, 144, 145, 155, 156). They used their own standard bicycles or "electric" bicycles to make deliveries. (Compl., ¶¶ 85, 99, 111, 123, 138, 149, 160).

Thus, the Complaint specifically details that the Plaintiffs are all, and are limited to, delivery personnel at the restaurant.

---

[2] Because Plaintiffs' motion is for certification of a conditional collective action pursuant to FLSA Section 216(b), Defendants will accept, for the purposes of this motion only, the truthfulness of Plaintiff's allegations set forth in the Complaint and supporting affidavits.

2

### B. The Allegations in the Complaint are Limited to the Named Parties

Plaintiffs allege in the Complaint, and in their respective affidavits in support of the Motion, that Defendants violated several wage and hour laws. Specifically, Plaintiffs claim, as to themselves only, that Defendants failed to (1) pay minimum wage; (2) properly employ tip credits and pay them the full tip amounts related to deliveries through Seamless[3]; (3) pay overtime; (4) pay a spread of hours premium; (5) provide wage information and maintain pay records; and (6) reimburse Plaintiffs for the maintenance costs of their delivery vehicles. (Compl., ¶¶ 81-85, 95-99, 107-111, 119-123, 133-138, 145-149, 156-160; Feng Aff., ¶¶ 13-17; Huang Aff., ¶¶ 12-17; Jiang Aff., ¶¶ 11-15; Li Aff., ¶¶ 10-15; Wu Aff., ¶¶ 11-15; Jie Xu Aff., ¶¶ 9-14; and Tian Yu Xu Aff., ¶¶ 9-13 (collectively referred to as "Plaintiffs' Affidavits").

Thus all allegations are specific to the delivery personnel named. Plaintiffs do not so much as allege, no less offer any evidence, that Defendants employed a company-wide policy that applied to all delivery personnel, no less all non-managerial employees. (Plaintiffs' Affidavits).

## ARGUMENT

### POINT I

### PLAINTIFFS FAIL TO SATISFY THEIR BURDEN FOR A COLLECTIVE ACTION

FLSA Section 216(b) allows employees to pursue a collective action for violations of the wage statutes only if those employees are similarly situated. See Sanchez v. JMP Ventures, L.L.C., 2014 U.S. Dist. Lexis 14980 *2 (S.D.N.Y. 2014). The Second Circuit sets forth a two-step process for assessing whether certification of a collective action is proper. See Romero v. H.B. Automotive Group, Inc., 2012 U.S. Dist. Lexis 61151 *20 (S.D.N.Y. 2012). The first step

---

[3] Seamless is company that allows customers to make on-line food orders which are filled by local restaurants. Saigon 48 and Aoki Restaurant were Seamless participants.

3

requires that the plaintiffs make a modest factual showing that the named plaintiffs and potential opt-in plaintiffs were similarly situated and together were victims of a common policy or plan that violated the law. See Sanchez, 2014 U.S. Dist. Lexis 14980 at *2. If that step is satisfied, the plaintiffs are allowed to send a notice to the potential opt-in plaintiffs and discovery is conducted. The second step requires the Court to make a definitive determination on a more complete record as to whether the plaintiffs who opted-in are in fact similarly situated to the named plaintiffs. Id. at *3.

Although on the first step the plaintiffs need only to make a modest showing, they still have to proffer substantive allegations, through pleadings or affidavits, demonstrating a factual nexus between the named plaintiffs and potential opt-in plaintiffs, with respect to the violations alleged against the employer. See Romero, 2012 U.S. Dist. Lexis 61151 at *23-24. The Courts require this showing because, as acknowledged by the U.S. Supreme Court, allowing conditional certification on minimal evidence can result in class action abuse where the plaintiffs make the application to conduct class action fishing expeditions. See Armstrong v. Weicheert Realtors, 2006 U.S. Dist. Lexis 31351 *5-6 (Dist. N.J. May 19, 2006), citing Hoffman-La Roche, Inc., 493 U.S. 165, 171, 110 S. Ct. 482 (1989).

Thus, Plaintiffs' burden during this first step cannot be satisfied by unsupported, vague or conclusory assertions. See Guo v. Tommy's Sushi Inc., 2014 U.S. Dist. Lexis 147981 *8-9 (S.D.N.Y. Oct. 16, 2014)(conclusory allegations that other employees not paid minimum wage and that the named plaintiff spoke to them about it were insufficient to establish conditional certification); Sanchez, 2014 U.S. Dist. Lexis 14980 at *3 (assertion that named plaintiff made observations of and *had conversations with other employees concerning violations* insufficient to establish conditional certification because no details of observations or conversations were

4

proffered)(emphasis added); Ikikhueme v. Culinart, Inc., 2013 U.S. Dist. Lexis 77720 *5-6 (S.D.N.Y. 2013)(because Sous Chef did not make any allegations as to other Sous Chef's responsibilities or pay practices, but only that their duties were similar, conditional certification denied). Rather, the named plaintiffs must include details and specific facts about any conversations or observations they had with the potential opt-in plaintiffs, such as "the specific hours worked by, or the amounts paid to, other employees." Guo, 2014 U.S. Dist. Lexis 147981 at *9. "Without more detailed factual allegations, the Court has no basis for concluding that all [restaurant] employees were similarly situated victims of an illegal policy or plan." Id.

In addition, in assessing whether to grant conditional certification, the Courts examine the quality of the affidavits submitted to purportedly link the named plaintiffs with the potential opt-in class. In making this assessment, "anecdotal hearsay" to suggest a company-wide policy is insufficient. Barfield v. New York City Health and Hospitals Corp., 2005 U.S. Dist. Lexis 28884 *3 (S.D.N.Y. Nov. 18, 2005). Instead, an affidavit from one of the potential opt-in employees, which alleges wage violations, is better evidence. See id.; Mendoza v. Casa De Cambio Delgado, Inc., 2008 U.S. Dist. Lexis 27519 *6 (S.D.N.Y. April 7, 2008). Also, "boilerplate and virtually identical" affidavits from the named plaintiffs should be considered with skepticism, especially when they lack specific factual allegations to demonstrate a nexus between the named plaintiffs and potential opt-in class. See Mendoza, 2008 U.S. Dist. Lexis 27519 at *6.

Here, Plaintiffs' submission does not come close to demonstrating a nexus between the named plaintiffs and the broad potential opt-in class of every non-exempt, non-managerial employee.

Although Plaintiffs are all delivery persons and only make allegations pertaining to their specific experiences, they moved for collective action certification for *all non-exempt non-managerial employees of Saigon 48 and Aoki Restaurant from September 3, 2011 to the present.* (Troy Aff., ¶ 2; Proposed Notice of Pendency attached to Troy Aff. as Ex. 10). That proposed class consists of delivery personnel, waiters, bus-personnel, cooks and other kitchen staff, dishwashers and even non-exempt administrative personnel. (Id.) However, there are no claims or assertions in the Complaint that employees other than Plaintiffs were subjected to wage violations. (Compl., ¶¶ 1-242).

The Affidavits offered in support of the Motion are virtually identical and boilerplate. The only mention of employees other than Plaintiffs is the identical assertion that, "I am unaware of any employees who receive overtime pay in the restaurant because I have had conversations with them, and compared wages." (Feng Aff., ¶ 10; Huang Aff., ¶ 10; Jiang Aff., ¶ 9; Li Aff., ¶ 8; Wu Aff., ¶ 9; Jie Xu Aff., ¶ 7; Tian Yu Xu Aff., ¶ 7). Thus, the only factual attestation with respect to other employees offered is that they are "unaware". That does not suffice as factual support.

Moreover, that one assertion which references conversations with other 'employees' is hopelessly vague, conclusory, and empty of any factual detail. It fails to identify who these 'employees' are, describe what these 'employees' did for Defendants, provide any details of what was said during these purported conversations, or explain when these conversations occurred. Indeed, the assertion is so vague that it cannot be determined whether the referenced conversations involved 'employees' other than Plaintiffs themselves. The Affidavits also fail to state that these other employees worked more than 40 hours per week and were, in fact, eligible to receive overtime pay, or were subject to any other alleged violations asserted in the

6

Complaint. As such, the Affidavits lend no support whatsoever to Plaintiffs' motion which seeks to widen the class of complainants to all non-managerial employees.

In addition, the Affidavits lack any authority because they are not certified to be accurate. The Affidavits attest that, "This document has been translated to me in my native language of Mandarin Chinese, and I fully comprehend the contents." (Plaintiffs' Affidavits, last paragraph, respectively). There is no affidavit or certification of any kind from the person who allegedly translated the documents, stating that he or she is fluent in both languages, and accurately and completely translated the contents of the Affidavit to the affiant, or that each respective affiant verified each and every part of the Affidavit as true to his knowledge. (Plaintiffs' Affidavits). The most probative form would have been to have provided an affidavit signed by the affiant in his native language accompanied by a translation certified by a translator as a true and correct translation. At minimum for this Court to consider the Affidavits there would have to have been a certification by the person that translated the document for the affiant stating (1) their qualifications, (2) if they have any relation to the case, parties or counsel, (3) that they accurately and completely translated the document, (4) that affiant understood the translation, and (5) that the affiant verified the accuracy of each and every statement therein. Cruz v. Aramark Services, Inc. 213 Fed. Appx. 329, 334 (5th Cir 2007); Huang v. J&A Entertainment Inc. 2010 WL 267073 (E.D.N.Y. 2010); Miranda v. Sweet Dixie Melon Company, 2009 WL 1324847 (M.D. Ga. 2009); see also, Federal Rules of Evidence , Rule 901.

In summary the Affidavits offered by the Plaintiffs in support of the Motion are completely unavailing and offer no probative basis upon which this Court can rely in order to conditionally certify the proposed class. As such, Plaintiffs' motion should be denied in its entirety.

The Southern District of New York recently heard two cases that are virtually identical to this one, and on both occasions denied the named plaintiffs' motion for conditional class certification. See Guo v. Tommy's Sushi Inc., 2014 U.S. Dist. Lexis 147981 *8-9 (S.D.N.Y. Oct. 16, 2014); Sanchez v. JMP Ventures, L.L.C., 2014 U.S. Dist. Lexis 14980 *2 (S.D.N.Y. Jan. 27, 2014). In Guo, the named plaintiffs were delivery personnel of a restaurant, and they applied for conditional certification of a class consisting of "all hourly paid, non-managerial employees," including "chefs, waiters, kitchen workers, dishwashers" as well as delivery persons. 2014 U.S. Lexis 147981 at *8. The named plaintiffs alleged that they "discussed their wages with other employees and learned that their co-workers also did not receive minimum and overtime wages required by law" and further alleged that they were "aware of about six (6) kitchen workers, five (5) deliverymen, and two (2) Hispanic workers who were not compensated properly." Id. at *3. The Southern District refused to grant conditional certification because the assertions regarding non-delivery personnel were "vague, conclusory and unsupported" and without more detailed factual allegations, it had no basis for concluding that all of the restaurant's employees were "similarly situated victims of an illegal plan or policy." Id. at *8-9.

Here, although the background is similar, Plaintiffs' allegations are far less detailed than the named plaintiffs in Guo. Unlike Guo, where at least the named plaintiffs identified the type of workers they allegedly spoke with and asserted affirmatively, rather than 'being unaware', that the restaurant failed to pay them properly, Plaintiffs in this case fail to even identify the position of the person they purported spoke with. In light of the holding in Guo, this Court, on a more significantly compelling basis, should refuse to grant conditional certification to include all non-managerial employees.

8

In <u>Sanchez</u>, the named Plaintiff was a delivery person at a restaurant and applied for conditional certification for a class consisting of "all tipped employees, including delivery persons, bussers, runners, waiters and bartenders." 2014 U.S. Dist. Lexis 14980 at *4. He asserted in his affidavit that based on observations and conversations with other employees, the restaurant employed a common practice of violating the wage laws. <u>Id</u>. at *5. The Southern District refused to grant conditional certification because:

> Plaintiff does not…provide any detail as to a single such observation or conversation. The Court does not know where or when these observations or conversations occurred, which is critical in order for the Court to determine the appropriate scope of the proposed class and notice process. Instead, the Court is left with a list of generalized allegations that have been molded into a declaration which reads similarly to the complaint. These are precisely the kind of unsupported assertions and conclusory allegations that courts in this District have found to be insufficient to conditionally certify a class under § 216(b).
> <u>Id</u>. at * 5-6.

Like <u>Sanchez</u>, Plaintiffs' unsupported assertions are insufficient to establish the proposed collective class.

Not only do Plaintiffs fail to demonstrate a factual nexus because their one mention of the other employees is unsupported and conclusory and, at best merely asserts lack of knowledge, but because the claims made by Plaintiffs are particular to delivery personnel. The only issue that is even mentioned that crosses over to the potential opt-in plaintiffs is overtime pay. However, Plaintiffs assert several other allegations that apply only to them as delivery personnel: (1) whether Defendants properly took a tip credit for service employees (as opposed to food service workers),[4] (2) whether the delivery personnel performed tasks other than making deliveries for which a tip credit may not available, (3) whether Defendant made improper

---

[4] An employer can pay an employee less than the minimum wage if such employee receives compensation through tips. The amount of tip credit allowed differs between food service workers, such as waiters, and service employees, such as delivery personnel.

9

deductions from Plaintiffs tips when customers ordered through Seamless, (4) whether Plaintiffs were considered "working" when they were off-duty for approximately three hours between lunch and dinner; and (5) whether Defendants were required to pay for the maintenance of the delivery personnel's vehicles. Thus, most of the claims made by Plaintiffs do not even apply to the other staff even if every benefit of doubt and unsupported assertions were read in favor of Plaintiffs.

The Courts refuse to grant conditional certification when the job duties of the named plaintiffs are not similar to the duties of the potential opt-in class, especially when there is little overlap with regard to the employer's alleged violations. See Romero, 2012 U.S. Dist. Lexis 61151 at *23. Indeed, the entire point of a collective action is to address the alleged common policy that damaged the plaintiffs, but if such policy does not apply to the potential opt-in class, then a collective action is not proper. See id. at *27-33; see also Levinson v. Primedia, Inc., 2003 U.S. Dist. Lexis 20010 *5-6 (S.D.N.Y. Nov. 6, 2003).

Plaintiffs' citations to authority in their Memorandum of Law are used mainly to support basic principles which, for the most part, are not in dispute. They fail to cite any authority to support the argument that conditional certification should be granted on such flimsy, unsupported allegations as proffered by Plaintiffs. Rather, in the cases cited by Plaintiffs where the Courts granted conditional certification, the named plaintiffs provided a much more robust showing of a factual nexus between themselves and the potential opt-in class.

For instance, in Holbrook v. Smith & Hawken, Ltd, the named plaintiff was an assistant store manager, and claimed that she was improperly classified as an exempt employee, making her illegible for overtime. 246 F.R.D. 103, 104 (D. Conn. 2007). In her application for conditional certification, she asserted that all of the Assistant Managers had the same duties and

responsibilities as she did, and were all classified as exempt. Id. at 106. Even more, the defendant admitted that all of the Assistant Managers had the same job duties and were all characterized as exempt. Id. Thus, because the named plaintiff proffered allegations that linked the potential opt-in class with herself, the Court granted conditional certification. Id. Here, in contrast, Plaintiffs failed to provide any substantive information. Unlike Holbrook and the other cases cited in their brief, here, Plaintiffs failed to demonstrate a factual nexus to the potential opt-in class.

Here, Plaintiffs' allegations are so void of any factual support, they fail to even establish a factual nexus between themselves and any other delivery personnel.[5] In Lin v. Benihana Nat'l Corp., the three named plaintiffs were restaurant delivery persons and applied for conditional certification for a class consisting of delivery personnel. 755 F. Supp. 2d 504, 507 (S.D.N.Y. 2010). To support their application, they asserted that they observed other employees receive less than the minimum wage and not be reimbursed for uniform and vehicle maintenance. Id. at 510-513. The Southern District denied conditional certification of any class, including a class of just delivery personnel, because the named plaintiffs (1) did not identify who the employees were with whom they spoke; (2) did not provide any details regarding the purported conversations with the other employees stating that they were not paid minimum wage; (3) did not state that the restaurant failed to pay the other employees proper overtime wages; and (4) failed to provide any detail regarding the uniform and vehicle maintenance issue, which was especially problematic because the delivery personnel used different vehicles to make deliveries. Id.

---

[5] Virtually all of Defendants' delivery personnel from September 2011 to the present are named plaintiffs in this action. To the best of Defendants' knowledge and information, there are only three other delivery persons who were employed during the given period, and one refused to join the action, another is currently living in China and the final person is currently living in Canada.

11

Because Plaintiffs' showing is equally or even more vacuous than the named Plaintiffs in Lin, a conditional class of delivery personnel should not be certified.

Sanchez also refused to grant conditional certification for a class of delivery personnel because of how vacuous the named plaintiffs' assertions were. There, the named plaintiff, a delivery person, failed to allege that Defendants employed a common policy toward other delivery persons, but only stated that he had conversations and made observations with other employees, without identifying the type of employee. The same is true in this case.

This case and Sanchez differ from Guo with respect to the Court's decision to provide conditional certification to delivery personnel. In Guo, the Court granted conditional certification for a class of delivery personnel because the named plaintiffs specifically alleged violations as to themselves and further alleged that through their conversations with five other delivery persons, those five others were also subjected to the same purported violations. 2014 U.S. Dist. Lexis 147981 at *3, *7. In contrast, in this case and Sanchez, the named plaintiffs failed to even assert that other delivery persons were subjected to violations. 2014 U.S. Dist. Lexis 14980 at *5-6. Like Sanchez, there is nothing in the Complaint or Plaintiffs' affidavits that even mention other delivery persons. Accordingly, no conditional collective action should be certified, not even for delivery personnel, but rather, these seven Plaintiffs should simply pursue their claims as pled in the Complaint.

## POINT II

## NO OTHER RELIEF SHOULD BE GRANTED TO PLAINTIFFS

All of the other relief requested by Plaintiffs, to wit, (1) production of contact information for all non-managerial employees, (2) authorizing a notice to be sent to the opt-in class, (3) equitable tolling during the opt-in period, and (4) the posting of the class notice at Defendants'

restaurants, should be denied because that other relief is dependent on the Court certifying a conditional class.

Because Plaintiffs provided no basis or factual support warranting the production of contact information for all non-managerial employees, such request should be denied. Plaintiffs should proceed with the action with the seven delivery persons already named, and the Court should authorize discovery pertaining only to their claims, and not allow a fishing expedition for all of the employees' personal information. See Romero, 2012 U.S. Dist. Lexis 61151 at *43; see also United States v. Berrios, 501 F.2d 1207, 1211 (2d Cir. 1974)("Discovery should not be directed simply to permit a fishing expedition."); Barbara v. Chianese, 2013 U.S. Dist. Lexis 67018 *5 (E.D.N.Y. May 10, 2013)(discovery may not be used as a fishing expedition to discovery additional instances of wrongdoing beyond those already alleged.)  Assuming this Court refuses to grant conditional certification of the broad class proposed by Plaintiffs, the contact information of all non-managerial staff is wholly irrelevant.

When Courts deny conditional certification of a class, the "approval of the proposed notice must be denied." Ikikhueme, 2013 U.S. Dist. Lexis 77720 at * 7. The main purpose of obtaining conditional certification is to receive authorization to provide the potential class with notice of the litigation and inviting them to join. Thus, when conditional certification is denied, authorizing notices to be sent to other employees is inappropriate. See id.

To the extent any class is certified by this Court, Defendants request that the Notice include: (1) the contact information of Defendants' counsel; (2) a statement that Plaintiffs' attorney's fees will be deducted from any recovery by the class; and (3) an explanation that any opt-in plaintiffs may have to provide discovery responses and documentation, and testify at a deposition or trial. See Guo, 2014 U.S. Dist. Lexis 147981 at *10-14.

13

In addition, the proposed Notice states, "if you worked as a non-exempt non-managerial employee for Saigon 48 or Aoki Japanese Restaurant at any time from September 3, 2011 to the present date, you may be able to participate in this lawsuit" and the Consent to Join form states "if you are or were employed as a non-exempt non-managerial employee by Aoki Japanese Restaurant and Saigon 48 Restaurant, complete and mail this Consent to Join Form...." Instead, the Notice and Consent to Join form should contain language, such as "if you worked as a non-exempt non-managerial employee... and believe that the restaurants failed to pay you the proper minimum wage or overtime, you may be able to participate in the lawsuit." Otherwise, if left as Plaintiffs' suggest, those documents will be inviting employees to join the action even if they were not subjected to the alleged wage violations. See id. at *13. The Notice should also contain language stating that the employee can choose not to join the litigation, so as to avoid the potential belief that joining the action is compulsory.

Plaintiffs request that the Notice be posted within the restaurant defeats the purpose of conditionally certifying a particular class. The purpose of the conditional certification is to identify the proper potential opt-in class and to provide them with the notice. Providing a notice that can be seen by every employee will result in confusion, and prejudice Defendants by possibly having employees who were not contemplated to be part of the class attempt to join. Rather, if a class is identified and certified, Plaintiffs should only be permitted to send the notice to the potential members of that class. See Zaniewski v. PRRC Inc., 848 F. Supp. 2d 213, 230 (D. Conn. 2012)(once a class is conditionally certified, it is customary to only send those potential opt-in plaintiffs the notice); Summa v. Hofstra University, 715 F. Supp. 2d 378, 392 (E.D.N.Y. 2010)(notice to be provided only to potential class members).

Finally, if there is no class certified and no opt-in period granted, there is no reason to toll the statute of limitations. Even if this Court grants some kind of conditional certification, equitable tolling is only appropriate "where a plaintiff has been prevented in some extraordinary way from exercising his rights." Id. at *14, quoting Phillips v. Generations Family Health Ctr., 723 F.2d 144, 150 (2d Cir. 2013). Here, Plaintiffs fail to allege any unusual or extraordinary circumstances to warrant equitable tolling.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiffs' Motion in its entirety, and grant Defendants such further relief as the Court may deem just and proper.

Dated: Garden City, New York
February 13, 2015

>Respectfully submitted,
>
>Stagg, Terenzi, Confusione & Wabnik, LLP
>
>By: /s/David R. Ehrlich
>    Ronald M. Terenzi (rt-6416)
>    David R. Ehrlich (de-9786)
>*Attorneys for Defendants*
>401 Franklin Avenue, Suite 300
>Garden City, New York 11530
>(516) 812-4500

15