USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/11/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

LIANYUAN FENG, *et al.*,

                        Plaintiffs,

-v-

HAMPSHIRE TIMES, *et al.*,

                        Defendants.
----------------------------------------------------------------X

**MEMORANDUM ORDER**

14-CV-7102 (SHS) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

On September 3, 2014, plaintiffs Lianyuan Feng, Gong Xian Huang, Junran Jiang, Zhong Li, Jian Wu, Jie Xu, and Tian Yu Xu (collectively, "Plaintiffs"), on behalf of themselves and "other similarly situated employees" of Defendants, brought this action for unpaid wages, including failure to pay overtime compensation, under the Fair Labor Standards Act (the "FLSA") and New York State Labor Law. Plaintiffs, who were (or are) deliverymen at Defendants' restaurants, have now moved for conditional collective action certification, for approval to issue a collective action notice, and for disclosure by Defendants of contact information for current and former employees who could be potential members of the collective action. Defendants—corporations and their principals alleged to be doing business as Saigon 48 and Aoki Japanese Restaurant at 234 W. 48th Street in Manhattan (the "Restaurants")—have opposed the motion on various grounds. For the reasons that follow, Plaintiffs' motion is denied without prejudice.[1]

---

[1] As other courts have pointed out, in contrast to the requirements of Rule 23 pertaining to class actions, "neither the FLSA nor the Federal Rules of Civil Procedure provide for the certification of an FLSA collective action." *Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 463 n.1 (S.D.N.Y. 2008); *see also Diaz v. S & H Bondi's Dep't Store, Inc.*, No. 10-CV-7676 (PGG), 2012 WL 137460, at *1 n.1 (S.D.N.Y. Jan. 17, 2012). While Plaintiffs have styled their motion as one for "conditional certification," it is more

## I.     PROCEDURAL HISTORY

By Order dated November 4, 2014, this case was referred to me for general pretrial supervision. (Dkt. No. 23). On December 3, 2014, the Court held an initial case management conference, and subsequently issued an order directing Plaintiffs to move for court-authorized notice if a proposed notice to potential opt-in plaintiffs could not be agreed upon by the parties. (Dkt. No. 27). After an extension, Plaintiffs moved on February 2, 2015 for conditional certification of a putative class of the named plaintiffs and all current and former employees of the Restaurants who performed work as non-exempt, non-managerial employees from September 3, 2011 to the present (such as waiters, cooks, kitchen staff, and others). *See* Notice of Motion (Dkt. No. 31); Memorandum of Law in Support of Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice (Dkt. No. 32); Declaration of John Troy dated Feb. 1, 2015 ("Troy Decl.") (Dkt. No. 33). Defendants filed their opposition papers on February 13, which they supplemented by affidavit on March 4 at the Court's direction. *See* Memorandum of Law in Opposition to Plaintiffs' Motion for Conditional Collective Certification ("Defs. Mem.") (Dkt. No. 37); Affidavit of Choong Shiew Ping dated March 3, 2015 ("Ping Affidavit") (Dkt. No. 43).[2] Plaintiffs submitted a reply on February 23. *See* Plaintiffs' Reply in Support of Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice (Dkt. No. 41).

On February 25, 2015, the Court heard argument on the motion, and advised the parties that the Court would deny the motion because there was an insufficient factual record to certify a collective action with respect to non-deliverymen, and because it

---

appropriately characterized as a request for the Court to authorize notice to potential opt-in plaintiffs.

[2] The Ping Affidavit included the names of all deliverymen who had worked for Defendants from September 3, 2011 to the present.

2

appeared unnecessary to do so with respect to deliverymen, as there were allegedly only three other deliverymen who could potentially opt in to the lawsuit. The Court advised the parties that the motion would be denied without prejudice to renewal. This Memorandum Order constitutes the Court's formal decision denying the motion.

## II. DISCUSSION

### A. Standard for Conditional Collective Action Certification

Under the FLSA, a plaintiff may seek certification to proceed as a collective action, thus allowing other "similarly situated" employees the opportunity to join the litigation. 29 U.S.C. § 216(b); *see also Cohen v. Gerson Lehrman Grp., Inc.*, 686 F. Supp. 2d 317, 326 (S.D.N.Y. 2010). While the FLSA does not define "similarly situated," it is widely recognized that the standard for conditional collective action certification is not a stringent one. *See, e.g., Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 336 (S.D.N.Y. 2010); *Iglesias-Mendoza v. La Belle Farm. Inc.*, 239 F.R.D. 363, 367-68 (S.D.N.Y. 2007); *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997).

In this Circuit, there is generally a two-stage certification process for FLSA collective actions. The first stage—conditional certification—requires only a "modest factual showing" based on the "pleadings and affidavits" that the putative class members were "victims of a common policy or plan that violated the law." *Cardenas v. AAA Carting*, No. 12-CV-7178 (VB), 2013 WL 4038593, at *1 (S.D.N.Y. Aug. 9, 2013) (quoting *Hoffman*, 982 F. Supp. at 261); *see also Cohen*, 686 F. Supp. 2d at 326; *Spicer*, 269 F.R.D. at 336. "In ascertaining whether potential opt-in plaintiffs are similarly situated, courts should not weigh the merits of the underlying claims." *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 662 (S.D.N.Y. 2013). In the second stage, a defendant can move to decertify if discovery reveals that the claimants are not similarly situated. *See Myers v. Hertz Corp.*, 624 F.3d

537, 555 (2d Cir. 2010); *Iglesias-Mendoza*, 239 F.R.D. at 367. At this stage, the court has a "fuller record" to determine "whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Myers*, 624 F.3d at 555.

## B. Plaintiffs' Factual Showing in Support of Conditional Certification

Here, Plaintiffs have not met their modest burden for conditional collective action certification. In addition to the Complaint, each of the plaintiffs has submitted a virtually identical affidavit in support of their motion. *See* Troy Decl., Ex. 3 (Affidavit of Linyuan Feng dated Jan. 30, 2015) ("Feng Aff."), Ex. 4 (Affidavit of Gong Xian Huang dated Jan. 30, 2015) ("Huang Aff."), Ex. 5 (Affidavit of Junran Jiang dated Jan. 29, 2015) ("Jiang Aff."), Ex. 6 (Affidavit of Zhong Li dated Jan. 30, 2015) ("Li Aff."), Ex. 7 (Affidavit of Jian Wu dated Jan. 30, 2015) ("Wu Aff."), Ex. 8 (Affidavit of Jie Xu dated Jan. 30, 2015) ("Xu Aff."); Affidavit of Tien Yu Xu dated Jan. 30, 2015 ("Yu Xu Aff.") (Dkt. No. 34).

Plaintiffs each worked (and, in some cases, still work) as deliverymen for the Restaurants. *See* Feng Aff. ¶¶ 3-9; Huang Aff. ¶¶ 3-8; Jiang Aff. ¶¶ 3-7; Li Aff. ¶¶ 3-7; Wu Aff. ¶¶ 3-8; Xu Aff. ¶¶ 3-6; Yu Xu Aff. ¶¶ 3-6. They each allege that they received (or still receive) $350 in cash twice a month, which equals less than the minimum wage for tipped employees, and that they did not receive overtime compensation for hours worked in excess of 40 hours per week. *See* Feng. Aff. ¶¶ 10, 14; Jian Aff. ¶¶ 9, 12; Li Aff. ¶¶ 8, 11; Wu Aff. ¶¶ 9, 12; Xu Aff. ¶¶ 7, 10; Yu Xu Aff. ¶¶ 7, 10.[3] Plaintiffs also contend that Defendants required them each to purchase and maintain a bicycle to make deliveries without reimbursement, and alleged that Defendants mishandled tip credits and deductions. *See* Feng Aff. ¶¶ 12-13, 15-16; Huang Aff. ¶¶ 11-12, 14-15; Jiang Aff. ¶¶ 10-

---

[3] The only exception is plaintiff Huang who, after September 22, 2014, began receiving $32.50 for each day of work. Huang Aff., ¶¶ 10, 13, 16.

4

11, 13-14; Li Aff. ¶¶ 9-10, 12-13; Wu Aff. ¶¶ 10-11, 13-14; Xu Aff. ¶¶ 8-9, 11-12; Yu Xu Aff. ¶¶ 8-9, 11-12.

Regarding other potentially "similarly situated" employees of Defendants, the affidavits each contain only one short (and identical) statement. Each plaintiff asserts that he is "unaware of any employees who receive overtime pay in the restaurant because [he has] had conversations with them, and compared wages." Feng Aff. ¶ 10; Huang Aff. ¶ 10; Jiang Aff. ¶ 9; Li Aff. ¶ 8; Wu Aff. ¶ 9; Xu Aff. ¶ 7; Yu Xu Aff. ¶ 7. By contrast, Plaintiffs do not profess to attest to the hourly compensation of other employees, whether Defendants took a tip credit or made deductions from any other employees' tips, or required other employees to provide tools of the trade without recompense.

The fact that Plaintiffs are "unaware of any employees who receive overtime pay" is not a sufficient factual basis on which to conditionally certify a FLSA collective action as to all of Defendants' non-managerial, non-exempt employees. "[W]hile [Plaintiffs'] burden at this stage is modest, it is not non-existent." *Fraticelli v. MSG Holdings, L.P.*, No. 13-CV-6518 (JMF), 2014 WL 1807105, at *1 (S.D.N.Y. May 7, 2014) (citation omitted). To meet their burden, Plaintiffs were obligated to provide "some probative information regarding similarly situated employees such as their names, their duties and their hours worked." *See, e.g., Qing Gu v. T.C. Chikurin, Inc.*, No. 13-CV-2322 (SJ) (MDG), 2014 WL 1515877, at *3 (E.D.N.Y. Apr. 17, 2014) (collecting cases); *accord Silva v. Calle 8, LLC*, No. 12-CV-677 (ERK) (MDG), 2013 WL 6330848, at *3 (E.D.N.Y. Dec. 5, 2013) (collecting cases). Without more, the Court cannot grant Plaintiffs' motion to send notice to such a broad class of putative plaintiffs. *Gu*, 2014 WL 1515877, at *4 ("[P]laintiffs seek to define an overly broad class—stating that the collective includes all restaurant employees.").

5

Nor will the Court conditionally certify a collective action consisting only of delivery persons on the present record. *Cf. She Jian Guo v. Tommy's Sushi Inc.*, No. 14-CV-3946 (PAE), 2014 WL 5314822, at *3 (S.D.N.Y. Oct. 16, 2014) (conditionally certifying as to deliverymen, but not other restaurant employees); *Jeong Woo Kim v. 511 E. 5th St., LLC*, 985 F. Supp. 2d 439, 451 (S.D.N.Y. 2013) (same, but as to kitchen workers only). While each of the named plaintiffs worked as a deliveryman and asserts that he was subject to Defendants' common policy in violation of the FLSA, Plaintiffs have not provided the Court with anything on which to determine that there are other similarly situated deliverymen employed by Defendants. In their affidavits, Plaintiffs state only that they are "unaware" of any employees who receive overtime, without describing "who [the other employees] are, what their base salary is, whether they are delivery persons or even tipped employees," or whether they work enough to qualify for overtime compensation. *Lin v. Benihana Nat'l Corp.*, 755 F. Supp. 2d 504, 510 (S.D.N.Y. 2010). Plaintiffs' bare assertion is distinguishable from the one made by plaintiffs in *Guo*, who explained that they were affirmatively "'aware of about . . . five (5) deliverymen . . . who were not compensated' properly." *Guo*, 2014 WL 5314822, at *1. This averment, when combined with the common treatment of the named plaintiffs, all of whom were deliverymen, allowed the district court to "fairly infer that other deliverymen worked similar shifts for comparable pay." *Id.* at *3. Here, no such inference can be made.[4]

---

[4] While it is not necessary to decide the issue given the denial of Plaintiffs' motion, the Court will briefly address Defendants' argument regarding the form of Plaintiffs' affidavits should Plaintiffs decide to renew their motion. Defendants objected to the fact that each of the plaintiffs provided affidavits in English, rather than in their native Mandarin Chinese with certified English translations. *See* Defs. Mem. at 7 (citing *Huang v. J & A Entm't Inc.*, No. 09-CV-5587 (ARR) (VVP), 2010 WL 2670703, at *1 (E.D.N.Y. June 29, 2010)). The district court's chosen course of action in *Huang* (waiting for Chinese-language affidavits to be submitted with certified English translations) is only one potential response to affidavits such as the ones submitted by Plaintiffs here.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs' motion for court-authorized notice is denied without prejudice to its renewal upon a more developed factual record.  Nonetheless, courts have broad discretion to authorize discovery in FLSA actions.  *Lin*, 755 F. Supp. 2d at 513 (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 172-73 (1989)).  "Even where a plaintiff's motion to certify an FLSA collective action fails to assert facts sufficient to meet the § 216(b) threshold, courts in this district have often ordered the disclosure of contact information for potential opt-in plaintiffs so that discovery into the collective allegations could continue and the plaintiffs could renew their motion for certification at a later date."  *Id.* (collecting cases).  Accordingly, Defendants are directed to provide Plaintiffs with the last known addresses for each of the individuals identified in the Ping Affidavit by March 18, 2015.

The Clerk of the Court is directed to close docket entry number 31.

**SO ORDERED.**

Dated: New York, New York
       March 11, 2015

_____
JAMES L. COTT
United States Magistrate Judge

---

*See, e.g., Espinosa v. 953 Associates LLC*, 280 F.R.D. 113, 118 (S.D.N.Y. 2011) (court allowed plaintiffs to submit certified Spanish translations of English affidavits previously submitted); *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 634 (S.D.N.Y. 2007) (court relied on separate declaration confirming that affidavits were accurately translated).  At a minimum, if Plaintiffs resubmit affidavits in a subsequent application, they should submit either a declaration confirming the accuracy of their affidavits, or alternatively, certified translations, consistent with *Espinosa* and *Cuzco*.